```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
MICHELLE CHALFEN,

                Plaintiff,                  ADOPTION ORDER
                                            19-CV-7170(JS)(ARL)
       -against-

THE EAST WILLISTON UNION FREE
SCHOOL DISTRICT; THE BOARD OF
EDUCATION OF THE EAST WILLISTON
UNION FREE SCHOOL DISTRICT;
DR. LYNN MAZZA, individually and
in her official capacity; and
DR. DANIELLE GATELY, individually
and in her official capacity,

                Defendants.
--------------------------------X
APPEARANCES
For Plaintiffs:     Gabrielle Vinci, Esq.
                    Nesenoff & Miltenberg, LLP
                    363 Seventh Avenue, Fifth Floor
                    New York, New York  10001

For Defendants:     Steven Stern, Esq.
                    Sokoloff Stern LLP
                    179 Westbury Avenue
                    Carle Place, New York  11514
```

SEYBERT, District Judge:

Plaintiff Michelle Chalfen ("Plaintiff") commenced this action against the East Williston Union Free School District (the "School District"), the Board of Education of the East Williston Union Free School District, Dr. Lynn Mazza, individually and in her official capacity ("Dr. Mazza"), and Dr. Danielle Gately, individually and in her official capacity ("Dr. Gately") (hereafter, collectively, the "Defendants"), asserting claims of:

religious discrimination, pursuant to Title VII of the Civil Rights Act of 1964 (hereafter, "Title VII") and New York State Human Rights Law ("NYSHRL"); age discrimination, pursuant to the Age Discrimination in Employment Act ("ADEA") and the NYSHRL; and a hostile work environment.[1]  (See generally Am. Compl., ECF No. 39.)

Defendants moved for summary judgment in their favor (hereafter, the "Summary Judgment Motion") (see ECF No. 62; see also Support Memo, ECF No. 55), which Plaintiff opposed (see ECF No. 68).  The Summary Judgment Motion was referred to Magistrate Judge Arlene R. Lindsay for a report and recommendation.  Currently before the Court is the Magistrate Judge's February 27, 2023 Report and Recommendation ("R&R") (ECF No. 75) recommending the granting of Defendants' Summary Judgment Motion, together with Plaintiff's objections (ECF No. 76), and Defendants' response (ECF No. 77).  For the reasons stated herein, the Court ADOPTS the R&R as to all of Plaintiff's remaining claims, and grants Defendants' Summary Judgment Motion.

---

[1] Plaintiff withdrew her age and religious discrimination claims brought pursuant to Section 1983.  (See Pl.'s Opp'n, ECF No. 68, at 5 n.1 ("Following review of the record and Defendants' [Summary Judgment] Motion, Plaintiff hereby withdraws her claims brought pursuant to 42 U.S.C. § 1983.").)  Plaintiff has not raised any objections to the Magistrate Judge's recommendations regarding these claims, and this Court does not consider said recommendations.

BACKGROUND

I. Factual Background

The Court presumes the parties' familiarity with the factual background giving rise to this action as set forth in Magistrate Judge Lindsay's R&R and incorporates her recitation herein by reference. (See R&R at 3-17.) The Court recites only those facts necessary to provide context to the reader in understanding this Order.

Plaintiff contends that, after three years as a special education teacher during which time she was repeatedly commended for her superior skills as an educator and for her dedication shown to her students, in her fourth probationary year teaching and seemingly out of nowhere, she was suddenly harshly scrutinized for her job performance, which Plaintiff asserts is similar to the School District's treatment of other Jewish and/or older employees, faculty, and staff. She maintains that despite her numerous attempts to determine the source of Defendants' sudden criticisms of her, Plaintiff was left without any sufficient justification for her superiors' turn of opinion against her. Instead, according to Plaintiff, like many of her Jewish and/or older aged colleagues, the School District denied Plaintiff tenure and terminated her employment.

Defendants counter that Plaintiff's entire case is based on her unsubstantiated speculation that her age or religion must

3

have played a role in her termination because she had received largely positive feedback for much of her probationary period. Plaintiff further bases her case upon her non-evidentiary-supported belief that a few other employees or contractors were at other times mistreated in some fashion, who she believes -- but is not certain -- are Jewish because of their last names, and that most are over 40 years old. However, Defendants maintain tenure decisions are made based upon a teacher's performance assessed over the entire four-year probation period, with school districts erring on the side of declining tenure where there exists any doubt regarding a teacher's performance. Similarly, Plaintiff has not presented any evidence that would support a hostile work environment claim. Thus, in the absence of anyone ever making any discriminatory comments or engaging in discriminatory conduct towards Plaintiff, Defendants moved for summary judgment.

II. <u>Judge Lindsay's Report & Recommendation</u>

Magistrate Judge Lindsay's R&R is based upon a largely uncontested record (<u>see</u> R&R at 3), which, significantly, includes the following.

> Plaintiff has never personally heard Dr. Mazza, Dr. Gately or Dr. Kanas[2] say anything disparaging about the Jewish religion. Plaintiff has never been told by others that . . . Dr. Mazza, Dr. Gately, or Dr. Kanas ever said anything disparaging about Jewish people.

---

[2] During the relevant time period, non-party Dr. Kanas was the School District's Superintendent. (<u>See</u> R&R at 3.)

4

Plaintiff candidly admits that she has never heard any administrators in the District speak disparagingly about Jewish people and no one in Plaintiff's union ever suggested that her religion may have played a role in her not being recommended for tenure. Indeed, Plaintiff does not have any specific evidence that Dr. Mazza, Dr. Gately or anyone else in the District discriminated against her on account of religion (or age), but rather believes there was a pattern of older Jewish employees who were either terminated or something negative happening to them.

Plaintiff lists the following individuals that she believes evidence this pattern: Shari Senzer, Jeffrey Lesser, Greg Wasserman, Justine Meyer, Susan Checkla, Stephen Kimmel, and Karen Stein. However, other than Shari Senzer, . . . Plaintiff does not know the religion of any of the individuals listed.

\*\*\*

Plaintiff admits that no one in the District expressed any hostility on account of Plaintiff's age or religion and that Plaintiff never complained to the District that she was being treated unfairly on account of her religion. Defendants point out, and Plaintiff acknowledges, that the District has tenured Jewish faculty, however, the District does not solicit or maintain records of the religions of its employees. Plaintiff has offered no statistics demonstrating that Jewish teachers were terminated at a different rate than non-Jewish teachers. While Plaintiff bases her belief o[f] a pattern on the surnames of the aforementioned employees, many of the surnames of District's teachers and administrators also sound Jewish.

Similarly, Plaintiff has provided no evidence of age discrimination. Plaintiff was 46-years old when she was hired. Nobody in the District expressed any hostility on account of Plaintiff's age, and nobody in Plaintiff's union ever suggested that her age may have played a role in her not being recommended for tenure. Plaintiff never

5

>   complained to the District that she was being treated unfairly on account of her age. Plaintiff has not offered any statistical analysis to suggest older teachers were terminated at any different rate than younger teachers.

(R&R at 14, 17 (citations omitted).)

Thus, as to Plaintiff's claims under Title VII and the ADEA,[3] Magistrate Judge found "Plaintiff has failed to prove . . . that her termination was pretextual, based in whole or in part on discrimination, or that discrimination was a 'but-for' cause of her termination. Plaintiff has failed to show that discrimination on the basis of religion or age was even the smallest factor in her termination." (R&R at 33.) Further, as to Plaintiff's hostile work environment claim, Magistrate Judge Lindsay found "[t]here is no evidence that Plaintiff was subjected to even a single episode of objectively abusive or hostile comments, ridicule, or insults, let alone with physical threats, frequency, or severity necessary to rise to the level of a hostile work environment." (Id. at 35 ("There are no instances of anyone ever saying or doing anything that was in any way indicative of age or religious discrimination.").)

---

[3] The Magistrate Judge noted religious discrimination claims brought pursuant to the NYSHRL are analyzed under the same standard as claims brought pursuant to Title VII, and age discrimination claims brought pursuant to the NYSHRL are analyzed under the same standard as claims brought pursuant to the ADEA. (See R&R at 26 n.5.)

6

DISCUSSION

I.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); see also FED. R. CIV. P. 72(b)(3); Thomas v. City of N.Y., Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("Objections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."). Further, "[i]n this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Trustees of Metal Polishers Local 8A-28A Funds v. Nu Look Inc., No. 18-CV-3816, 2020 WL 5793204, at *3 (E.D.N.Y. Sept. 29, 2020) (quoting Illis v. Artus, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (cleaned up; collecting cases)).

II. Analysis

   A. Plaintiff's Objections

"For the reasons set forth in [her] original briefing," "Plaintiff respectfully objects to Magistrate Lindsay's findings that (i) Plaintiff has failed to show an inference of discrimination or that Defendants' decision to terminate Plaintiff's employment was pretextual and (ii) Plaintiff failed to demonstrate that she was subjected to a hostile work environment." (Obj. at 1; see also id. at 6, 9, 11 (relying upon arguments made in Plaintiff's Opposition brief in support of her for objections).) Moreover, Plaintiff contends the Magistrate Judge erroneously "misapplied the summary judgment standard and held [her] to a higher standard of proof than is appropriate at the summary judgment stage." (Id. at 2.)

In response, Defendants assert "Plaintiff's objections should be reviewed for 'clear error' because she restated the same arguments that were already rejected by the Court." (Resp. at 1.) They further maintain that even under de novo review, the R&R should stand. (See id.) Thus, regardless of standard of review employed by the Court, "Plaintiff's unsupported assertions are not only insufficient to show discrimination, but she does not support them here with any evidence, and the actual evidence debunks them." (Id.) For the reasons articulated below, the Court agrees and adopts the R&R.

8

B. Consideration of Plaintiff's Objections

The Court begins with Plaintiff's misapplication objection.

1. The Alleged Inappropriate Standard

Plaintiff argues that "a plaintiff need not prove that she will prevail at trial on her claims, she need only show that there are disputed issues of fact so that she could win at trial." (Obj. at 3 (citing Jeffreys v. City of N.Y., 426 F.3d 549 (2d Cir. 2005)).) True. See, e.g., Jamaica Ash & Rubbish v. Ferguson, 85 F. Supp. 2d 174, 180 (E.D.N.Y. 2000) ("[T]here must exist 'specific facts showing that there is a genuine issue for trial' in order to deny summary judgment as to a particular claim." (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986))). However, as Magistrate Judge Lindsay corrected stated, Plaintiff failed to present evidence showing disputed issues of fact requiring a trial. Cf., e.g., Granica v. Town of Hamburg, 237 F. Supp. 3d 60, 74-75 (W.D.N.Y. 2017) (regarding ADEA claim, discussing McDonnell Douglas burden-shifting analysis, and stating that where employer-defendant presents legitimate, non-discriminatory reason for its action, "[t]he burden shifts back to the plaintiff" and that "to survive a motion for summary judgment, the plaintiff must present both sufficient evidence that the purported non-discriminatory reason was false and evidence that age was the but-for cause of the adverse actions"); Brierly v. Deer Park Union Free Sch. Dist.,

9

359 F. Supp. 2d 275, 297-98 (regarding Title VII discrimination claim, discussing McDonnell Douglas burden-shifting analysis, and granting summary judgment in employer's favor where – upon presumption plaintiff made out a prima facie case of discrimination -- plaintiff "offered nothing to indicate that [employer's] non-discriminatory explanations are pretextual").  In advancing her objection here, Plaintiff does the same:  She baldly asserts that the Magistrate Judge "failed to take into account record evidence highlighting disputes of material fact which may only be resolved by the jury."  (Obj. at 3 (without citation to any record evidence).)  However, it is "not the role of the Court to search the summary judgment record for evidence supporting a nonmovant's opposition."  Patacca v. CSC Holdings, LLC., No. 16-CV-0679, 2019 WL 1676001, at *17 (E.D.N.Y. Apr. 17, 2019) (citations omitted); see also Pennington v. D'Ippolito, 855 F. App'x 779, 782 (2d Cir. 2021) (stating that "in ruling on a summary judgment motion[,] the court need consider only the cited materials in the parties' submissions." (internal citations and alterations omitted)); FED. R. CIV. P. 56(c)(3).  Thus, because this objection fails to disclose any error, it is OVERRULED.

        2.  Plaintiff's Age and Religious Discrimination Claims

Plaintiff's objection regarding the Magistrate Judge's recommendation that Plaintiff's age and religious discrimination claims be dismissed is subject to clear-error review as her

10

arguments are a regurgitation of her original arguments raised in opposition to the Summary Judgment Motion. (See Obj. at 6 ("as noted in Plaintiff's underlying opposition brief . . . "); see id. at 9 ("As discussed in Plaintiff's underlying memorandum of law in opposition to Defendants' Motion for Summary Judgment . . . ."); cf. Opp'n at 12.)  Upon careful review of the record and Magistrate Judge Lindsay's R&R, the Court finds no such error.  Indeed, just as Plaintiff failed to substantiate her arguments in opposition to the Summary Judgment Motion with specific citation to record evidence showing a disputed issue of material fact that would preclude granting summary judgment, here, in her Objection, Plaintiff baldly contends she has "deduced sufficient evidence of a longstanding pattern and practice" of discrimination against older and/or Jewish employees.  (Obj. at 9.)  And, her argument that "Defendants failed to give sufficient examples of the alleged deficiencies in Plaintiff's performance when asked to do so," (id.) is belied by the R&R's recitation of specific evidence to the contrary.  (Cf. R&R at 12-13 (citing Dr. Kanas' May 13, 2019 letter to Plaintiff, providing eight reasons that support recommendation against tenure).)  In the absence of identifying any specific evidence in the record that would call into dispute the Defendants' reasons for denying Plaintiff tenure, which did not demonstrate any discriminatory intent, Plaintiff has failed to show how Magistrate Judge Lindsay's recommendation to dismiss Plaintiff's

11

age and religious discrimination claims is clearly erroneous. Thus, this objection is OVERRULED.

### 3. Plaintiff's Hostile Work Environment Claim

Again, relying upon her arguments initially raised in her Opposition (see Obj. at 9 ("[a]s discussed in Plaintiff's underlying memorandum of law in opposition to Defendants' Motion for Summary Judgment . . . "), Plaintiff baldly contends she "was subjected to repeated and scathing ridicule, and repeatedly summoned into meetings with Dr. Mazza and Dr. Gately for the sole purpose of berating Plaintiff and repeatedly telling Plaintiff to resign from her position in lieu of being terminated," which "caused [her] to miss work due to anxiety . . . ." (Obj. at 11.) From this unsubstantiated assertion, Plaintiff argues "a reasonable juror could conclude that Plaintiff was subjected to a hostile work environment," thereby making Magistrate Judge Lindsay's recommendation wrong. (Id.) Not so. As the Magistrate Judge correctly stated after exhaustively reviewing the record and finding Plaintiff failed to identify any facts demonstrating conduct that could be considered discriminatorily hostile:

> there is no factual support for th[e] allegation [of a pattern and practice of discriminating against Jewish and/or older people] and therefore she has failed to raise a genuine issue of fact that she suffered an objectively hostile work environment on the basis of her religion or age. There are no instances of anyone ever saying or doing

> anything that was in any way indicative of age or religious discrimination.

(R&R at 35; see also id. at 34 ("[A]s noted by Defendants, 'Plaintiff does not allege a single incident of age or religious-based hostility. On the contrary, she admits she has never heard Dr. Mazza, Dr. Gately, Dr. Kanas, or anyone else say anything disparaging about age or Judaism.'" (citing Defs.' Support Memo at 20 (citing Ex. B at pp. 35, 164-65; Ex. C at pp. 82-84))).) Indeed, as Defendants asserted, even if it is true that Plaintiff was repeatedly summoned to meetings with Drs. Mazza and Gately for the sole purpose of berating Plaintiff and telling her to resign in lieu of being terminated, "nothing about it suggests a discriminatory hostile work environment on account of age or religion." (Reply, ECF No. 72, at 8.) Thus, in the absence of evidence that creates a genuine issue of material fact, the Magistrate Judge was correct to recommend Defendants are entitled to summary judgment as to Plaintiff's hostile work environment claim.

To the extent not specifically addressed, the Court has considered Plaintiff's remaining arguments in support of her objections, but finds them unpersuasive. Finding no error -- clear or otherwise -- in Magistrate Judge Lindsay's R&R, Plaintiff's objections are OVERRULED as to all of Plaintiff's remaining claims.

13

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that:

I.   Plaintiff's objections are OVERRULED;

II.  The R&R is ADOPTED as to all of Plaintiff's remaining claims;

III. Defendants' Summary Judgment Motion (ECF No. 62) is GRANTED; and

IV.  The Clerk of Court enter judgment accordingly and, thereafter, mark this case CLOSED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March 29, 2023
         Central Islip, New York

14